


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STORM MICHAEL BLANTON, §
§
Movant, §
§
VS. § NO. 4:19-CV-248-A
§ (NO. 4:16-CR-085-A)
UNITED STATES OF AMERICA, §
§
Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Storm Michael Blanton, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its attached memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-085-A, styled "United States of America v. Storm Michael Blanton," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On April 13, 2016, movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 1. On

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying (continued...)

July 1, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 24. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 25. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 45.

The probation officer prepared the PSR, which reflected that movant's base offense level was 14. CR Doc. 28, ¶ 22. Movant received a two-level enhancement because the firearm was stolen,

---

[1](...continued) criminal case, No. 4:16-CR-085-A.

id. ¶ 23, and a two-level and a one-level decrease for acceptance of responsibility, id. ¶¶ 29-30. Based on a total offense level of 13 and a criminal history category of IV, the guideline imprisonment range was 24 to 30 months. Id. ¶ 89. The government filed objections to the PSR, arguing that movant should receive an increase for obstruction of justice and should not receive the decreases for acceptance of responsibility. CR Doc. 29. Movant also filed an objection to the PSR, arguing that he should not receive criminal history points for a prior conviction. CR Doc. 30. The probation officer prepared an addendum to the PSR, accepting the government's objection that an increase for obstruction of justice should be applied, but continuing to conclude that movant should receive the reduction for acceptance of responsibility. CR Doc. 34.

On November 10, 2016, movant was sentenced to a term of imprisonment of 90 months. CR Doc. 39. Movant appealed. CR Doc. 41. His sentence was affirmed. United States v. Blanton, 704 F. App'x 390 (5th Cir. 2017). His petition for writ of certiorari was denied. Blanton v. United States, 138 S. Ct. 1452 (2018).

II.

Grounds of the Motion

Movant asserts five grounds in support of his motion, worded

as follows:

**GROUND ONE:** Federal Jurisdiction

Doc.[2] 8 at 4.[3]

**GROUND TWO:** Ineffective assistance of counsel

Id. at 5.

**GROUND THREE:** Ineffective assistance of counsel

Id. at 6.

**GROUND FOUR:** Ineffective assistance of counsel

Id. at 7.

**GROUND FIVE:** Ineffective assistance of counsel

Id. at 9.

## III.

## Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The page reference is to the actual page of the 91 pages contained in Doc. 8, which is shown in the top portion of the document as "page __ of 91."

or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Despite the wording, movant's first ground is a complaint that he received ineffective assistance of counsel. He mentions the term "mens rea" in his memorandum, Doc. 8 at 13, and the government interprets the argument to be that a mens rea requirement applied to possession of the firearm, movant's status as a felon, and the interstate or foreign nexus of the firearm. Doc. 16 at 8. As the government points out, Fifth Circuit precedent at the time of movant's conviction and sentence did not require that the government prove that movant knew his status as a felon at the time he possessed the firearm. United States v. Schmitt, 748 F.2d 249, 252 (5th Cir. 1984). Only a few months ago, the United States Supreme Court ruled that the "knowing" requirement of 18 U.S.C. § 922(g) and § 924(a) applies to the defendant's prohibited status as well as his possession of the firearm. Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019). Of course, movant does not and could not deny that he knew of his felon status.[4] But, in any event, counsel was not required to anticipate the change in law. United States v. Fields, 565 F.3d

[4]Movant's recorded statement of him trying to coerce a fellow passenger in the vehicle movant was driving to take responsibility for both weapons found therein reflects his knowledge that he was a convicted felon who could not possess a firearm. CR Doc. 29.

290, 294 (5th Cir. 2009). Nor was he required to raise a claim that had been rejected in the Fifth Circuit. Id.

As for the interstate or foreign nexus of the firearm, the Fifth Circuit has long held that a conviction for possession of a firearm by a felon does not require proof that the defendant knew the firearm had an interstate or foreign nexus. United States v. Peters, 364 F. App'x 897, 898 (5th Cir. 2010); United States v. Dancy, 861 F.2d 77, 81-82 (5th Cir. 1988). (The Supreme Court has noted that the jurisdictional element, "in or affecting commerce," is not subject to the scienter requirement. Rehaif, 139 S. Ct. at 2196.) Movant's attorney cannot have been ineffective for failing to raise a meritless claim. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In his second ground, movant states as supporting facts that "counsel failed to investigate or counsel plea vs. trial." Doc. 8 at 5. The memorandum is vague as to what movant contends his counsel did or failed to do.[5] The argument appears to be that movant's plea was not knowing or voluntary. The record is clear, however, that movant's plea was knowing, voluntary, and intelligent. United States v. Hernandez, 234 F.3d 252, 254 (5th

---

[5]It appears that an argument movant is asserting is that his counsel should have objected to the stolen firearm enhancement. Doc. 8 at 14-15. The guidelines provide that the enhancement applies regardless of whether the defendant knew the firearm was stolen. U.S.S.G. § 2K2.1, comment n.8; United States v. Singleton, 946 F.2d 23, 24-25 (5th Cir. 1991). An argument in this regard would have been frivolous.

Cir. 2000). Movant understood the nature of the charge against him, what would be required to prove the charge, and the maximum sentence he faced. CR Docs. 25 & 45. His solemn declarations in open court are entitled to a presumption of verity and movant's conclusory allegations are insufficient to overcome them. Blackledge v. Allison, 431 U.S. 63, 74 (1977). In order to prevail on the basis of alleged promises inconsistent with the representations he made in open court, movant must prove: "(1) the exact terms of the promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitnesses to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant makes no attempt to meet this burden.

In support of his third ground, movant argues that his counsel "threw in the towel on obstruction and failed to argue acceptance should apply even if obstruction was valid. Doc. 8 at 6. His memorandum includes a long, convoluted argument. Id. at 15-21. He appears to be contending that because his obstructive conduct-telling another occupant of the vehicle to claim that both firearms found therein were his-took place before a federal investigation was initiated against movant, that conduct cannot be counted against him. The argument is frivolous. See United States v. Upchurch, 88 F. App'x 794 (5th Cir. 2004). Movant

clearly intended to obstruct justice. His counsel had no non-frivolous argument to make in that regard. Instead, he made the only argument that he could, to wit, that movant should still receive acceptance of responsibility. CR Doc. 46 at 4-5. That the court was not persuaded does not mean that movant received ineffective assistance of counsel. See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

In his reply, movant appears to argue that the government had already conceded that he was entitled to acceptance of responsibility and should not have been allowed to argue otherwise. Doc. 17 at 6-7. The document he references, CR Doc. 27, simply states that if movant receives the two-point reduction for acceptance of responsibility, he should also receive the one-point reduction.

In support of his fourth ground, movant asserts that his counsel "failed to mitigate sentencing or object to methods/reasons in court's departure." Doc. 8 at 7. Again, he does not really say what it is his attorney should have done. He does list findings and conclusions from a psychological evaluation, id. at 24-26, but many of these things were made known to the court through the PSR. CR Doc. 28, ¶¶ 60-76. The PSR also noted that movant was scheduled to have a psychological examination on September 9, 2016. Id. ¶ 76. There is no reason to

believe that the failure to disclose the report to the court was not a tactical decision by movant's counsel. See Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997).

In his fifth ground, movant alleges that his counsel was ineffective in failing to move for suppression of evidence. Movant argues that because police were looking for Hispanic males when they stopped the vehicle movant was driving and there were none in the car, the police could not detain him and all evidence seized must be suppressed. Doc. 8 at 9. This is a new argument made for the first time in the amended motion and the government argues that it is untimely as it was filed after the one-year limitations period expired. Doc. 16 at 18-19. The court agrees. In any event, movant has not shown, and could not show, that a motion to suppress would have been meritorious. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). For all of the reasons discussed by the government in its response, the traffic stop at issue here meets the requirements of Terry v. Ohio, 392 U.S. 1 (1968). Doc. 16 at 20-21.

V.

Order

The court ORDERS that the relief sought by movant be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 16, 2019.

JOHN McBRYDE
United States District Judge